UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. WITKOWSKI,

          Petitioner,

                                CASE NO. 04-CV-74232-DT
v.                               HONORABLE VICTORIA A. ROBERTS

DOUGLAS C. VASBINDER,

          Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS,
(2) DENYING PETITIONER'S MOTIONS TO STRIKE AND FOR SANCTIONS,
(3) DISMISSING HABEAS PETITION, AND (4) DENYING A CERTIFICATE OF
APPEALABILITY AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Bruce Witkowski, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. This matter is before the Court on Respondent's motion to dismiss the petition as untimely, as well as Petitioner's responsive motions to strike and for sanctions. For the reasons set forth below, the Court grants Respondent's motion, denies Petitioner's motions, and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**I.**      **Relevant Facts and Procedural History**

      Petitioner's convictions arise from his unlawful sexual conduct with two students of his

1

driving school in 1994.  He pleaded *no lo contendere* to two counts of sexually abusive activity, one count of second-degree criminal sexual conduct, and one count of assault with intent to commit sexual conduct on October 26, 1995.  He was subsequently sentenced to concurrent terms of 5-20 years imprisonment on the child sexual abusive activity convictions, 4-15 years imprisonment on the criminal sexual conduct conviction, and 1-5 years imprisonment on the assault with intent conviction.

Petitioner was subsequently allowed to withdraw his plea as to the second-degree criminal sexual conduct conviction and that count was dismissed by the prosecution.

Petitioner thereafter filed a direct appeal with the Michigan Court of Appeals challenging the factual basis for the plea and the bind-over decision.  The Michigan Court of Appeals affirmed Petitioner's convictions on one count of child sexually abusive activity and assault with intent to commit second-degree criminal sexual conduct, but ordered that the other count of child sexually abusive activity be reduced to attempt with re-sentencing or that the plea as to that count be vacated and proceed to trial.  *People v. Witkowski*, No. 193315 (Mich. App. Nov. 11, 1997).  This decision was not appealed to the Michigan Supreme Court.

The trial court subsequently accepted a plea to the reduced charge of attempted child sexually abusive activity and re-sentenced Petitioner to 30-60 months imprisonment on that conviction.

Petitioner filed an appeal as of right from the sentence challenging the re-sentencing procedure and the propriety of that sentence, as well as the proportionality of his sentences as a whole.  The Michigan Court of Appeals affirmed Petitioner's sentences.  *People v. Witkowski*, No. 212731 (Nov. 2, 1999).  Petitioner attempted to file an application for leave to appeal in the

Michigan Supreme Court, but it was rejected as untimely on December 29, 1999.

On December 23, 1999, Petitioner, through counsel filed a motion to correct the record pursuant to Michigan Court Rule 6.435 seeking corrections of a clerical error on the Judgement of Sentence and Commitment to the Department of Corrections and corrections to the sentencing, preliminary examination, and re-sentencing transcripts. The trial court conducted a hearing and granted relief on August 11, 2000. The trial court issued the order to correct the record on August 15, 2001.

On August 27, 2001, Petitioner through counsel, filed a motion for relief from judgment with the state trial court raising claims concerning the factual basis for the plea, the voluntary and knowing nature of the plea, the effectiveness of trial and appellate counsel, and the propriety of his sentence. Petitioner also filed a supplemental brief raising claims concerning trial counsel's effectiveness, his pre-sentence information report, the cost of obtaining certain videotapes and preliminary examination transcripts, and the deferral of an evidentiary motion. The trial court denied the motion on April 1, 2002. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Witkowski*, No. 245077 (Mich. App. March 11, 2003). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Witkowski*, No. 123804 (Oct. 31, 2003).

Petitioner signed and dated the present petition for writ of habeas corpus on October 25, 2004. At the time of this filing, Petitioner remained in custody on one conviction for child sexual abusive activity and the corresponding sentence of 5-20 years imprisonment. In his pleadings, Petitioner raises claims concerning the trial court's failure to conduct an evidentiary

3

hearing on his ineffective assistance of counsel claims, the trial court's failure to comply with the Michigan Rules of Court in ruling on his motion for relief from judgment and accepting his plea, the knowing and voluntary nature of his plea, the effectiveness of trial and appellate counsel, the accuracy and propriety of his sentencing, a sexual orientation designation on his pre-sentence information report and prison paperwork, the cost of videotapes and preliminary examination transcripts, and the trial court's failure to rule on an evidentiary motion prior to his plea. Respondent has filed a motion to dismiss the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion asserting that the one-year period should be statutorily and equitably tolled, as well as a motion to strike and for sanctions. At the Court's request, Respondent filed a response to that reply, as well as an answer addressing the merits of the petition. Petitioner filed a reply to those pleadings.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Court of Appeals denied relief on direct appeal as to re-sentencing on November 2, 1999. Petitioner then had 56 days in which to file an application for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(3). He did not so in a timely manner. With regard to the statute of limitations, therefore, Petitioner's convictions became final on December 27, 1999. Accordingly, Petitioner was required to file his habeas petition on or before December 27, 2000, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until August 27, 2001. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d

1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Thus, Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period is only tolled while a prisoner has a properly filed post-conviction motion under consideration. *See* 28 U.S.C. § 2244(d)(2); *Hudson v. Jones*, 35 F. Supp. 2d 986, 988 (E.D. Mich. 1999). The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

In his response to the dismissal motion, Petitioner asserts that his motion to correct the record, which was pending in the trial court from December 23, 1999 to August 15, 2001, should toll the one-year period. Petitioner also presents correspondence with counsel, the grievance commission, and the court related to his criminal proceedings, including the obtainment of transcripts and medical records, which are dated from September, 1999 to June, 2001. Respondent contends that the motion and other documents do not toll the one-year period because neither the motion nor the various documents constitute "an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" under 28 U.S.C. 2244(d)(2).

Having reviewed the matter, this Court agrees with Respondent. First, it is clear that the correspondence referenced by Petitioner, relative to his legal representation, transcripts, and medical records, do not statutorily toll the one-year period. Such letters are certainly not "applications for post-conviction or other collateral review ." This is particularly true to the extent that Petitioner did not file such letters with the state court. *See, e.g., Malcolm v. Payne*, 281 F.3d 951, 957-59 (9th Cir. 2002) (ruling that "post-conviction and other collateral review"

refers to judicial proceedings and that a clemency petition does not toll the one-year period). Further, federal courts have held that requests or motions for evidentiary material and transcripts actually filed with the court do not operate to toll the one-year period. *See, e.g., Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002); *Hodge v. Greiner*, 269 F.3d 104, 107 (2nd Cir. 2001) (noting that prisoner has the option of filing a timely petition and then seeking discovery and amending petition); *Smeltzer v. Beck*, No. 1:05CV00493, 2006 WL 208871 (M.D.N.C. Jan. 26, 2006). Petitioner's letters to various parties from 1999 to 2001 thus do not operate to statutorily toll the one-year period.

Second, while the motion to correct the record presents a closer question, the Court also concludes that it does not toll the one-year period. "Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for other collateral review of the judgment or claim." *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005). For example, a motion for appointment of counsel is not such an application. *See Voravongsa v. Wall*, 349 F.3d 1, 6-7 (1st Cir. 2003) (considering Rhode Island law). Nor is a motion for evidentiary material or transcripts. *See Lloyd; Hodge, supra*. Nor is a mandamus petition seeking to have a state court take action on a matter. *See Hardiman v. Galaza*, 58 Fed. Appx. 708, 710 (9th Cir. 2003) (California mandamus petitions); *Moore v. Cain*, 298 F.3d 361, 266-67 (5th Cir. 2002) (Louisiana mandamus petition); *see also Rodriguez*, 412 F.3d at 36-37 (Massachusetts petition for general superintendence of inferior courts); *Webb v. Cason*, No. 02-CV-73788-DT, 2003 WL 21355910, * 4 (E.D. Mich. 2003) (Michigan complaint for superintending control); *aff'd.* 115 Fed. Appx. 313 (6th Cir. 2004), *cert. den.* _ U.S. _, 125 S. Ct. 2919 (2005).

Generally, a filing that purports to be an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim must set forth the grounds on which it is based, must state the relief desired, and must collaterally attack the relevant conviction or sentence. *See Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) (citing *Voravongsa*, 349 F.3d at 6). In short, the application must seek review of the conviction or sentence. *See Moore*, 298 F.3d at 367. In this case, Petitioner's motion to correct the record was filed pursuant to Michigan Court Rule 6.435 and sought correction of perceived clerical errors and transcription errors. Petitioner did not present arguments challenging the validity of his convictions or sentence, nor did he seek relief from the judgment or sentence. Additionally, the trial court did not treat the motion to correct the record as a collateral attack on Petitioner's convictions. In fact, substantive relief is not available under Rule 6.435 once a judgment has been entered. *See* Mich. Ct. R. 6.435(B) and 1989 Staff Comment. Under Michigan law, the proper course of action for a defendant seeking substantive collateral relief from a conviction or sentence, other than a direct appeal, is to file a motion for relief from judgment pursuant to Michigan Court Rule 6.500. Given Michigan law and the content of Petitioner's motion, the Court concludes that the motion to correct the record fails to statutorily toll the one-year period. Accordingly, the Court concludes that statutory tolling of the one-year period is unwarranted. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).  The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner sets forth no circumstances beyond his control which caused him to institute his state court collateral proceedings or to file his federal habeas petition after the expiration of the one-year limitations period.  To the extent Petitioner claims that he was awaiting transcripts or other evidentiary materials, he is not entitled to equitable tolling.  A prisoner has no constitutional right to transcripts on collateral review of a conviction, *see United States v. MacCollom*, 426 U.S. 317 (1976), and the lack of a transcript itself is not a circumstance which justifies equitable tolling of a period of limitation.  *See Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002).  Petitioner's efforts to obtain documents and evidentiary material also did not toll the one-year period.  *See Johnson v. Randle*, 28 Fed. Appx. 341, 343 (6th Cir. 2001).

9

To the extent that Petitioner asserts that his medical condition, depression and anxiety, and his medications interfered with his ability to pursue post-conviction relief, he is also not entitled to equitable tolling. First, he has not shown that his condition was sufficiently severe so as to impede his efforts to seek habeas relief nor has he explained how his condition precluded him from pursing his rights in a timely fashion. Second, and importantly, Petitioner was represented by counsel on direct appeal and his post-conviction proceedings. He has thus failed to establish that tolling is warranted on the basis of his medical condition.

Furthermore, to the extent Petitioner asserts that post-conviction counsel was negligent in representing him, he is not entitled to equitable tolling. It is well-settled that there is no constitutional right to counsel in state post-conviction proceedings. *See Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (citing cases); *see also Paffhousen v. Grayson*, 238 F.3d 423, 2000 WL 1888659, *2 (6th Cir. 2000) (alleged ineffective assistance of counsel could not establish cause to excuse procedural default in post-conviction proceedings because there is no right to counsel in such proceedings). Counsel's alleged deficiencies do not warrant equitable tolling of the limitations period.

Lastly, the fact that Petitioner is untrained in the law, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter*

*v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189, 1190 (E.D. Mich. 2001). As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. His *no lo contendere* plea negates his claim that he is actually innocent. *See, e.g., Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish particularly when a defendant pleads guilty to the offense); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same). He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## III.     Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed.  In such a case, no appeal is warranted.  *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable.  No certificate of appealability is warranted in this case.  Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss is **GRANTED** and that the habeas petition is **DISMISSED WITH PREJUDICE**.  Given this determination, Petitioner's motions to strike and for sanctions are **DENIED**.  Lastly, a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

<u>Dated:  March 9, 2006</u>

<u>The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 9, 2006.</u>

s/Carol A. Pinegar
<u>Deputy Clerk</u>